UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPASS BANK,

    Plaintiff,

v.                       CASE NO. 8:17-mc-111-T30-MAP

ALEXIS ALFREDO ALARCON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

In February 2017, in the Southern District of Texas, Plaintiff Compass Bank obtained a final judgment against Defendant Alexis Alfredo Alarcon based on his default on a mortgage loan (doc. 1-1). Plaintiff registered the judgment in this District, where Alarcon works and resides (doc. 1). Before me is Plaintiff's motion for final order of judgment of continuing garnishment (doc. 11). For the reasons stated here, the undersigned recommends that the motion be granted and that a final judgment of continuing garnishment be entered in favor of Plaintiff and against garnishee Feld Entertainment, Inc.

Rule 69(a)(1) states: "The procedure on execution [of a money judgment] . . . must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). Chapter 77 of the Florida Statutes governs garnishment proceedings. I granted Plaintiff's motion for continuing writ of garnishment on October 12, 2017, pursuant to Fla. Stat. § 77.0305 (doc. 7). That section provides:

Notwithstanding any other provision of this chapter, if salary or wages are to be

> garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied . . . .

Fla. Stat. § 77.0305. Plaintiff then filed a certificate of service certifying that it timely served Alacron with a copy of the continuing writ of garnishment, the motion for a continuing writ of garnishment, and a notice informing the Alarcon of possible exemptions. *See* Fla. Stat. § 77.041(2); doc. 9.

Plaintiff served the garnishee with the writ on October 26, 2017 (*see* doc. 10-1 at 1). The next day, the garnishee filed an answer indicating that it pays employee Alarcon the gross amount of $4,989.06 on a biweekly basis, with net disposable earnings each pay period (after taxes) of $3,984.85 (*Id.*). Of this amount, the garnishee calculated that $996.21 (representing 25% of Alarcon's net pay) is payable to Plaintiff pursuant to the continuing garnishment writ.

On November 1, 2017, Plaintiff filed a timely notice of compliance with Fla. Stat. § 77.055 (doc. 10). This statute requires Plaintiff, within five days of service of the garnishee's answer, to serve Alarcon at his last known address with the following: a copy of the garnishee's answer and a notice advising Alarcon that he "must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055. It has been over 20 days since Plaintiff served Alarcon (November 1, 2017). Alarcon has not filed a claim for exemption, a motion to dissolve the writ of garnishment,

or a response to the instant motion (and the deadline to do so has passed). In fact, he has not taken any action in these garnishment proceedings despite being properly served. Plaintiff has not filed a reply to the garnishee's answer; the allegations in the answer are taken as true. Fla. Stat. § 77.061.

Plaintiff now seeks a final judgment of continuing garnishment (doc. 11) directing the garnishee to withhold 25% of Alarcon's net disposable earnings for each pay period and to pay this amount to Plaintiff until the amount stated in the continuing writ of garnishment ($255,619.05), plus post-judgment interest and costs, is paid in full. Under Fla. Stat. § 77.083, "[j]udgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer." And, "[n]o judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." *Id*.

Therefore, upon consideration, I recommend that Plaintiff's motion for final judgment of continuing garnishment (doc. 11) be GRANTED, and the Court enter the final judgment attached to Plaintiff's motion (doc. 11-1).

IT IS SO REPORTED in Tampa, Florida on December 11, 2017.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.